## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ERIE INSURANCE a/s/o
Minh Nguyen and Anh
Nguyen

    Plaintiffs,

Amazon.com

    Defendants.

NO. 8:16-CV-02679-PX

---

## PLAINTIFF'S SURREPLY BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### I.    INTRODUCTION

Plaintiff, Erie Insurance a/s/o, Minh Nguyen and Anh Nguyen, by and through its attorneys, Sacks Weston Diamond, LLC, hereby submits the instant surreply to Defendant's Reply in Support of its Motion for Summary Judgment and, in opposition thereto, avers as follows.

### II.    ARGUMENT

### A. Defendant's use of Stiner v. Amazon.com, Inc., No. 15CV185837, Ct. of C.P., Lorain Cty., Ohio (Sept. 20, 2017), introduces brand new case law that is neither controlling nor relevant.

In an attempt to introduce new matter into the already pending case, Defendant relies on brand new case law that is neither controlling nor relevant. Defendant argues that Stiner v. Amazon.com, Inc., No. 15CV185837, Ct. of C.P., Lorain Cty., Ohio (Sept. 20, 2017), supports the proposition that Defendant Amazon should not be treated as a seller under Maryland law. (Defendant's Reply Brief in Support of their Motion for Summary Judgment, ECF No. 47, at 2-3.) However, as presented by the above-mentioned citation itself, the case is an Ohio case and is

therefore merely advisory at best. <u>Moore v. State</u>, 71 Md. App. 317, 327 (1987) ([A] sister state's case law is not binding in the District of Columbia or Maryland in general, and particularly when there is a sufficiently developed body of law on the subject in that jurisdiction as well as ours).

More importantly, the facts of the <u>Stiner</u> case are easily distinguishable from the facts of the case at bar, because the <u>Stiner</u> case only considers Seller-Fulfilled transactions, (See Defendant's Reply Brief in Support of their Motion for Summary Judgment, Ex. A, ECF No. 47-1, at 5.), whereas the case here focusses, in part, on Amazon vendors who participate in the Fulfillment by Amazon Program. (Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment, ECF No. 46, at 11.) The <u>Stiner</u> case states the following with respect to its vendor in question:

> Amazon never had physical possession of the product, the product was never moved or stored in a facility owned by Amazon. Furthermore, Amazon never fulfilled the sale by labelling, packaging or shipping the product

(Defendant's Reply Brief in Support of their Motion for Summary Judgment, Ex. A, ECF No. 47-1, at 9.)

On the contrary, the vendor in our case participated in the Fulfillment by Amazon program. (Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment, ECF No. 46, at 2.) Under the program vendors may opt in and ship all units of their product to Amazon, rather than to the ultimate buyer. (Decl. of Joseph Smith, Ex. A, ECF No. 45. at 33). If Amazon chooses to accept the shipment, Amazon provides the storage necessary to hold the goods (as well as retaining the right to move units among facilities) and when an order is placed, the fulfillment center retrieves the item from storage, places it in a shipping container, and

distributes it to a shipping carrier. (Liu Decl. ¶ 16) The Fulfillment By Amazon agreement states in relevant part:

> We [Amazon] will be responsible for and have sole discretion regarding all customer service issues relating to packaging, handling and shipment and customer returns, refunds and adjustments related to Amazon Fulfillment Units. We will have the right to determine whether a customer will receive a refund, adjustment or replacement for any Amazon Fulfillment Unit and to require you to reimburse us where we determine you have responsibility in accordance with the agreement.

(Decl. of Joseph Smith, Ex. A, ECF No. 45. at 37)

The aforementioned provision clearly states that Amazon holds responsibility for packaging, handling, shipping, and making other important decisions related to vendor products. Because the Stiner case only concerns vendors who fulfill their own orders, and does not speak to those who use Amazon to do so, its holding is irrelevant and inapplicable to our case.

**B. Defendant's use of the Stiner case demonstrates that there remains a genuine issue of material fact.**

Defendant's use of the Stiner case and the testimony of its corporate designees suggest that there remains a genuine issue of material fact as to whether Amazon is in fact, a seller.

It is well established that a motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Alexander v. Sports Auth., Inc., Civil Action No. DKC 2007-0479, 2007 U.S. Dist. LEXIS 43317, at *8 (D. Md. June 14, 2007). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved

in favor of either party," then summary judgment is inappropriate. <u>Alexander</u>, Civil Action No. DKC 2007-0479, 2007 U.S. Dist. LEXIS 43317, at *8. The moving party bears the burden of showing that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. <u>id.</u> at *8-9; <u>See also</u> Fed.R.Civ.P. 56(c).

When ruling on a motion for summary judgment, the court must construe the facts alleged in the light most favorable to the party opposing the motion. <u>See</u> <u>United States v. Diebold,</u> 369 U.S. 654, 655 (1962); <u>Gill v. Rollins Protective Servs. Co.,</u> 773 F.2d 592, 595 (4th Cir. 1985). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. <u>Alexander</u>, Civil Action No. DKC 2007-0479, 2007 U.S. Dist. LEXIS 43317, at *9.

In preparing its reply in support of its motion for summary judgment, Amazon relies on deposition testimony of its corporate designees, Rachel Greer and Damon Jones. (Defendant's Reply Brief in Support of their Motion for Summary Judgment, Ex. A, ECF No. 47-1, at 2-3.) Specifically, Defendant introduces the <u>Stiner</u> case to support the proposition that Amazon is not a seller. The case cites to Rachel Greer's Deposition Testimony for the following proposition:

> <u>Products on the Amazon Marketplace could be sold directly by Amazon</u>, sold by a third party seller, shipped by Amazon, sold and shipped by a seller, or could be merely ads.

<u>Id.</u> at 2 (emphasis added)

Similarly, footnote four (4) of the <u>Stiner</u> opinion states in relevant part:

> Greer also testified that <u>Amazon is a retailer where Amazon is selling the product,</u> but the Amazon Marketplace also allows other sellers to retail their own products.

<u>Id.</u> (emphasis added)

The aforementioned testimony, upon which Defendant Amazon relies, clearly shows that even Amazon's own corporate designees believe that Amazon acts as a seller. Such evidence is in direct contravention to Amazon's assertion that it is no more than a mere online platform. Therefore, there still remains the crucial question of material fact as to whether Amazon is a seller under Maryland law. Under the Federal Rules of Civil Procedure, Amazon would bear the burden of proving that Amazon is not a seller, while the Court would construe the facts in the light most favorable to Erie. Fed.R.Civ.P. 56(c); Diebold, 369 U.S. at 655. Such a task presents a tremendous uphill battle for Amazon given the fact that Amazon employees have referred to Amazon as a seller. (Defendant's Reply Brief in Support of their Motion for Summary Judgment, Ex. A, ECF No. 47-1, at 2-3.). At this stage in the proceedings, it would be premature to grant summary judgment thereby establishing a legal precedent that Amazon is not a seller, because there is ample evidence suggesting the contrary. Accordingly, because there still remains a genuine issue of material fact, the Defendant's Motion for Summary Judgment should be denied.

### III.  CONCLUSION

WHEREFORE, Plaintiff respectfully requests the court to deny Defendant's Motion for Summary Judgment.

Respectfully submitted,

Jesse M. Cohen, Esq.
**Sacks Weston Diamond, LLC**
1845 Market Street, Suite 1600
Philadelphia, PA 19103
(215) 925-8200
jcohen@sackswestondiamond.com
*Attorney for Erie Insurance*