UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | |
|---|---|
| ERIE INSURANCE a/s/o, Minh Nguyen and Anh Nguyen,<br><br>     Plaintiff,<br><br>v.<br><br>eBAY, INC., et al.,<br><br>     Defendants. | No. 8:16-CV-02679-PX<br><br>**AMAZON'S RESPONSE TO PLAINTIFF'S SUR-REPLY** |

  Plaintiff argues in its sur-reply that the *Stiner* case is distinguishable and that the Ohio court's citation to witness testimony in that case creates a fact issue in this one. Neither argument has merit.

  **1. Stiner Case.** Plaintiff distinguishes *Stiner* based on the third-party seller in that case shipping the product directly to the buyer, whereas Dream Light used the Fulfillment by Amazon service to distribute the headlamp. That distinction is immaterial. Though the Stiner court pointed out that Amazon never had physical possession of the caffeine powder, the outcome did not turn on that fact, and there is no indication that the court would have deemed Amazon a "supplier" under Ohio law if the third-party seller had used Amazon's logistics services.

  In any event, logistics are simply one aspect of the services that Amazon provides to third-party sellers, including for sales made through the seller's other channels wholly independent of Amazon.com. These services do not transform Amazon into a seller, just as Federal Express possessing and shipping a product on a seller's behalf does not make it a seller. As the Federal Circuit pointed out in the *Milo & Gabby* case, a third-party seller's use of Amazon fulfillment services does not make Amazon a seller. *Milo & Gabby LLC v.*

*Amazon.com, Inc.*, 2017 WL 2258605 at *6 (Fed. Cir. 2017) ("Turning first to FAC System's use of Amazon's fulfillment service, we see no difference in Amazon's status in that context.").

Plaintiff argues that Amazon is responsible for "packaging, handling, shipping, and making other important decisions relating to vendor products." Doc. 50 at 5. That describes a common logistics service of putting a seller's product in a box, applying a shipping label, and handing it to a shipping carrier. Plaintiff cites no cases treating providers of such services as sellers for liability purposes, and there is no indication in the *Stiner* opinion that the court would have treated Amazon as a seller had it shipped the caffeine powder sold by the third-party seller.

**2. Testimony that Amazon is a Seller in Some Transactions.** Plaintiff argues that Amazon relied on witness testimony cited in *Stiner* in preparing its reply, and that the discussion of witness testimony in that opinion creates an issue of fact in this one. Doc. 54 at 4-5. The premise is untrue: Amazon's reply did not cite any witness testimony or other evidence. Plaintiff's apparent argument is that Amazon introduced new evidence by directing this Court's attention to a court opinion that itself references some witness testimony. That argument defies common sense, and plaintiff cites no legal basis for it.

Plaintiff also misconstrues the testimony on which *Stiner* relied, arguing that the testimony "clearly shows that Amazon's own corporate designees believe that Amazon acts as a seller." Doc. 54 at 5. Plaintiff misses the point. Amazon sells some products on Amazon.com. In that situation, Amazon sources the product from the manufacturer or distributor, holds title to the product, sets the price, makes the offer, and is the seller. This case involves a third-party seller, and Dream Light did all of those things.

None of the testimony Plaintiff cites from the *Stiner* opinion suggests that Amazon is a seller with respect to third-party sales. Rather, the testimony, on its face, distinguishes

transactions where Amazon is the seller and where a third party is the seller. This case and *Stiner* involve the latter. The fact that Amazon sells some products does not create a fact issue in a case involving a third-party seller.


Dated:  November 15, 2017

AMAZON.COM, INC.
By Counsel

CARR MALONEY P.C.


By:   */s/Joseph A. Smith*
Kelly M. Lippincott, Esquire
Joseph A. Smith, Esquire
2020 K Street, NW
Suite 850
Washington, D.C. 20006
(202) 310-5500 (Telephone)
(202) 310-5555 (Facsimile)
kml@carrmaloney.com
jas@carrmaloney.com

# CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on the 15th day of November 2017 a true and correct copy of the foregoing **Amazon's Response to Plaintiff's Sur-reply** was filed and served through the Court's CM/ECF System on:

> William H. Murphy, III, Esq.
> Nikoletta S. Mendrinos, Esq.
> 1 South Street
> 23rd Floor
> Baltimore, MD 21202
> Hassan.murphv@murphyfalcon.com
> nikoletta.mendrinos@murphyfalcon.com

> and

> Jessie M. Cohen, Esq.
> Sacks Weston Diamond, LLC
> 1845 Walnut Street
> Suite 1600
> Philadelphia, PA 19103
> jcohen@sackswestondiamond.com

> ***Counsel for Plaintiff***

        */s/Joseph A. Smith*
        Joseph A. Smith